## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| TREVOR CARMEAN, on behalf of himself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) Case No. 20-cv-5294 |
| vs. | ) ) |
| 850 INVESTORS LLC dba 850 LAKE SHORE DRIVE; THE LARAMAR GROUP LLC; GREYSTAR ILLINOIS MANAGEMENT, LLC; BOZZUTO MANAGEMENT COMPANY; and CROWN BUILDING MAINTENANCE CO., d/b/a ABLE SERVICES, | ) ) ) ) ) Jury Demanded ) ) ) |
| Defendants. | ) |

## CLASS ACTION COMPLAINT

Plaintiff Trevor Carmean, on behalf of himself and a putative class, brings this Class Action Complaint against Defendants 850 Investors LLC dba 850 Lake Shore Drive ("850"); The Laramar Group LLC ("Laramar"); Greystar Illinois Management, LLC ("Greystar"); Bozzuto Management Company ("Bozzuto"); and Crown Building Maintenance Co. d/b/a Able Services ("Able") for their violations of the Illinois Biometric Privacy Act, and alleges the following:

### NATURE OF THE ACTION

1. Defendants have been capturing and retaining the fingerprints of individuals employed at 850 Lake Shore Drive, Chicago, for purposes of checking out keys to access various apartments in a 170-unit building.

2. When the employees require access to various rooms and suites in the building, they gain entrance by scanning their fingerprint on a KeyTrak scanner, which corresponds to the saved fingerprint scan already in the system, thus identifying the employee.

3. While the use of fingerprint scans may be more secure for the building than key fobs or identification cards, the use of biometric identifiers in the workplace entails risks for the employees. Fingerprints are permanent, unique biometric identifiers that will be associated with the employee forever, whereas other security measures that may be misplaced or stolen can be deactivated. Keeping employees' biometric identifiers on file exposes them to serious privacy risks like identity theft and unauthorized tracking.

4. Illinois enacted the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") to regulate private entities that collect and store biometric identifiers, such as fingerprints.

5. The owners and managers of 850 Lake Shore Drive violated their employees' privacy rights by unlawfully collecting, storing, and/or using their biometric data and information not in accordance with BIPA.

**PARTIES**

6. Plaintiff Trevor Carmean is a natural person and resident of this district, and former employee of one or more of the defendants.

7. Defendant 850 Investors LLC, with assumed name 850 Lake Shore Drive, is a Delaware company with its principal office in Wilmington, Delaware.

8. Defendant Laramar Group LLC is a Delaware company with its principal office in Chicago, Illinois.

9. Defendant Greystar Illinois Management, LLC is a Delaware company, with its principal office in Charleston, South Carolina.

10. Defendant Bozzuto Management Company is a Maryland corporation.

11. Defendant Crown Building Maintenance Co., doing business as Able Services, is a California Corporation, a national company, employing people all over the United States, including Chicago, Illinois.

## JURISDICTION AND VENUE

12. This Court has jurisdiction under 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act ("CAFA") because the parties and putative class members are minimally diverse and the aggregate amount in controversy is greater than $5,000,000.

13. This Court has personal jurisdiction over the Defendants because they conduct a substantial amount of business here which forms the basis of Plaintiff's claims. Defendants owned or managed the building located at 850 Lake Shore Drive, Chicago, Illinois 60611.

14. Venue is proper here under 28 U.S.C. § 1391(b)(2) because a substantial amount of the acts and omissions giving rise to the claims occurred in Illinois.

## PLAINTIFF'S FACTUAL ALLEGATIONS

15. Plaintiff was employed at 850 Lake Shore Drive, Chicago, Illinois 60611. At the start of his employment, his fingerprint was scanned and saved with a KeyTrak scanner, which is subsequently used to identify him when he needs to gain entrance through locked doors.

16. Specifically, Plaintiff was asked by his employers and the other Defendant management companies to store his fingerprint in the KeyTrak scanner by scanning his finger multiple times to create a "profile."

17. Subsequently, each time Plaintiff needed to access a unit in the building, Plaintiff had to scan his finger to open the KeyTrack system and obtain a key. He then had to scan again to replace the key once finished.

18. Plaintiff estimates that he and the other class members, including employees of the management office, janitorial staff, engineering staff and general maintenance staff, were asked to scan their fingers on average ten times per day over the course of the prior four years.

19. More than ten years ago, the Illinois Legislature recognized the promises and perils of biometric identification technology. It passed the Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.*, to establish and safeguard Illinois' residents absolute right to control their biometric data.

20. Under the act, a fingerprint is a biometric identifier. *Id.* at § 14/10.

21. Biometric information is any information derived from a biometric identifier, regardless of how it is captured, stored, or shared. *Id.*

22. Defendants' use equipment to obtain the fingerprints of its numerous employees and store them for future use.

23. Plaintiff's and Class members' fingerprints were obtained by Defendants and stored on Defendants' equipment to later identify each individual.

24. Under the act, a private entity in possession of either biometric identifiers or information must develop a written policy, available to the public, establishing a retention schedule and guidelines for permanently destroying the information or identifiers. *Id.* § 14/15(a).

25. Defendants have not provided any policy establishing either a retention schedule or guidelines for permanently destroying the biometric data. Plaintiff was not informed of any such policy.

26. Under the act, a private entity is prohibited from collecting, capturing, or otherwise obtaining a person's biometric information or identifier unless it first: a) informs the subject in writing that the information or identifier is being collected or stored; b) informs the subject in

writing of the specific purpose and length of term for which the information or identifier is being collected, stored, or used; and, c) receives a written release from the subject of the information or identifier. *Id.* at § 14/15(b).

27. Plaintiff or any member of the Class were not, at any relevant time, informed in writing of any of the information required under § 14/15(b). Neither the Plaintiff nor members of the putative Class executed a written release to their employer.

28. Under the act, a private entity in possession of biometric information or identifiers may not disclose, redisclose, or disseminate a person's biometric identifier or information unless the person consents to the disclosure or re-disclosure. *Id.* at § 14/15(d).

29. Each time a new management company took possession of the fingerprint database, the previous management company and the building owner disclosed, re-disclosed, or otherwise disseminated the biometric information.

30. Carmean and the putative class members never consented to these disclosures.

31. Lastly, a private entity in possession of biometric identifiers or information must store, transmit, and protect from disclosure all biometric identifiers and information using a reasonable standard of care and in the same way the private entity stores, transmits, and protects other sensitive information. *Id.* at § 14/15(e).

32. On information and belief, access to the fingerprint database was essentially open to large numbers of the Defendants' employees, agents, and subcontractors. Defendants did not store, transmit, or protect the fingerprint database in the same way it would do so to other sensitive information.

## CLASS ALLEGATIONS

33. Trevor Carmean brings this action on behalf of himself and under Fed. R. Civ. P. 23, on behalf of a class defined as:

> All persons in the United States who are or were employed at 850 Lake Shore Drive, and whose fingerprint is or was collected, captured or otherwise obtained by the owners or managers of the building located at 850 N. Lake Shore Drive, at any time from four years before the date of Plaintiff's original complaint to the date the class is certified.

Plaintiff reserves the right to amend or modify the Class definition as necessary following discovery.

34. On information and belief, the Class is so numerous that joinder is impracticable. While the exact number is unknown, Plaintiff believes that Defendants have saved hundreds of fingerprint scans of their various employees, without written releases.

35. Common questions of law and fact exist and predominate over individual questions and include:

   a. Whether Defendants collected, captured, or otherwise obtained the Class's biometric identifiers;

   b. Whether Defendants informed Class members in writing of the specific purpose for collecting, using, and storing their biometric identifiers;

   c. Whether any of the members consented, via a written release, to their biometric identifier being used and stored by Defendants;

   d. Whether Defendants developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers;

  e. Whether defendants disclosed, re-disclosed, or otherwise dissemintated the biometric information and identifiers and if so whether they obtained consent to do so from each individual.

  f. Whether Defendants stored, transmitted, and protected the fingerprint database with the requisite level of care.

  g. Whether an individual's unique biometric identifier, such as a fingerprint, is intangible personal property or whether they have property right in such identifiers and information;

  h. Whether Defendants owe a duty to Class members, whether that duty was breached, and whether it resulted in harm to the Class members;

  i. The extent of any damages incurred by Class members as a result of Defendants' actions.

36. Plaintiff's claims are also typical and co-extensive with the claims of the class because he and members of the Class have all suffered the same injuries as a result of identical conduct by the Defendants.

37. Plaintiff will fairly and adequately protect the interests of the proposed Class and he has retained counsel with experience in consumer law, Illinois law, and federal class actions.

38. A class action is superior to other methods of adjudication. The Class seeks injunctive relief applicable to the Class as a whole; due to the complexity of the claims, individual actions are not likely to be economically feasible; based on the possibility of a very large Class size, individual litigation would be a burden on the courts and result in delay and inconsistent results.

     **COUNT I – VIOLATION OF THE BIOMETRIC INFORMATION PRIVACY ACT**

39. Plaintiff restates and alleges the above paragraphs, 1-31, as if set forth fully herein.

40. Defendants violated BIPA 740 ILCS § 14/15(a) by failing to develop and maintain a publicly available retention and destruction schedule.

41. Defendants violated BIPA 740 ILCS § 14/15(b) by obtaining biometric identifiers without making the required disclosures and receiving a written release from each Class member.

42. Defendants violated BIPA 740 ILCS § 14/15(d) by disclosing, re-disclosing, or disseminating Plaintiff and the Class members biometric information.

43. Defendants violated BIPA 740 ILCS § 14/15(e) by failing to store, transmit, and protect the fingerprint database with the requisite level of care.

44. Defendants used Plaintiff's and the Class members' fingerprints to identify them, and thus that fingerprint data is "biometric information" under BIPA. *See* 740 ILCS § 14/10.

45. Defendants' violation of the rights of Plaintiff and the Class under BIPA render them liable to Plaintiff and the Class members for $1,000 or $5,000 in liquidated damages per violation, and equitable relief, attorneys' fees and costs. 750 ILCS 14/20.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Trevor Carmean, on behalf of himself the Class, respectfully requests that the Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above (or on behalf of such other class the Court deems appropriate), appointing Plaintiff as representative of the Class, and appointing his attorneys as class counsel;

B. Awarding liquidated damages of $1,000 for each negligent violation, and $5,000 for each intentional or reckless violation, of BIPA that Defendants committed;

C.	Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including an order requiring Defendants to destroy their biometric identifiers and information after termination of the employment relationship;

D.	Awarding Plaintiff and the Class their reasonable attorneys' fees and costs; and

E.	Awarding such other and further relief as equity and justice may require.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted:

By:/s/ Michael W. Drew
Michael W. Drew

Neighborhood Legal LLC
20 N. Clark Street #3300
Chicago, IL 60602
312-967-7220
mwd@neighborhood-legal.com

Celetha Chatman
Community Lawyers LLC
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Tel (312) 757-1880
cchatman@communitylawyersgroup.com

*Attorneys for Plaintiff*

9

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By:/s/ Michael W. Drew<br>
Michael W. Drew