# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TREVOR CARMEAN, on behalf of himself and all others similarly situated, | ) ) ) Case No. 20-cv-5294 |
| Plaintiff, | ) ) Hon. Gary Feinerman |
| v. | ) ) Magistrate Judge David Weisman |
| 850 INVESTORS LLC d/b/a 850 LAKE SHORE DRIVE; THE LARAMAR GROUP LLC; GREYSTAR MANAGEMENT, LLC; BOZZUTO MANAGEMENT COMPANY; and CROWN BUILDING MAINTENANCE CO., d/b/a ABLE SERVICES, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANT BOZZUTO MANAGEMENT COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM**

Christopher G. Dean (ARDC # 6292676)
Jacob D. Radecki (ARDC # 6321345)
MCDONALD HOPKINS LLC
300 North LaSalle, Suite 1400
Chicago, IL 60654
312-280-0111
cdean@mcdonaldhopkins.com
jradecki@mcdonaldhopkins.com

{9238475:5 }

Defendant Bozzuto Management Company ("Bozzuto"), through its attorneys McDonald Hopkins LLC, submits this memorandum in support of its Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (the "Motion").

## I. Introduction

This is a lawsuit for alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"). Plaintiff Trevor Carmean ("Plaintiff") alleges in general terms that "Defendants" violated BIPA by collecting his biometric information via a fingerprint reader.

Plaintiff's complaint fails on the threshold issue of subject matter jurisdiction. Plaintiff premises jurisdiction exclusively on the Class Action Fairness Act ("CAFA"), but he fails to allege that his putative class consists of 100 members or more, the minimum necessary in order to trigger federal jurisdiction under CAFA. And even if Plaintiff satisfied CAFA's jurisdictional minimums, he lacks Article III standing to pursue a claim under Section 15(a) of BIPA for Defendants' alleged failure to develop and maintain a publicly available retention and destruction schedule.

Moreover, Plaintiff lumps all Defendants together and then lobs undifferentiated allegations at them. Specifically, Plaintiff combines Bozzuto, which is a property management company, with four other defendants, which are property management companies (Greystar Illinois Management, LLC and The Laramar Group LLC), a maintenance company (Crown Building Maintenance Co.), and an entity that Plaintiff presumably believes owns the property located at 850 Lake Shore Drive (850 Investors LLC). Throughout his Complaint, Plaintiff treats Defendants as one mass and fails to allege their relationship to the property or his relationship with any of them, much less what each of them did to violate BIPA. As a result, Bozzuto cannot determine which actions it allegedly took with respect to Plaintiff or the putative class members.

## II.     Background

A.     **The Biometric Information Privacy Act**

BIPA is intended to protect Illinois residents from the unauthorized disclosure of their biometric data. 740 ILCS 14/5. Under the statute, biometric data includes retina and iris scans, fingerprints, voiceprints, and scans of the hands and face, as well as information generated from, or based on, those identifiers. *Id.* § 10. BIPA regulates, but does not prohibit, the collection and use of biometric data. Instead, it sets forth certain requirements with which "private entities" must comply before collecting biometric data. *Id.*

Four sections of BIPA are relevant here. Section 15(a) requires that a "private entity in possession of biometric identifiers or biometric information" develop a written policy, made available to the public, that establishes a retention schedule and guidelines for the destruction of biometric information. *Id.* § 15 (a). Section 15(b) provides that a private entity which collects biometric information must give written notice to, and receive consent from, individuals whose biometric information is being collected. *Id.* § 15(b). Section 15(d) provides that a private entity may not disclose an individual's biometric information without consent. *Id.* § 15(d). And Section 15(e) provides that a private entity shall "store, transmit, and protect from disclosure" all biometric identifiers using the reasonable standard of care within the private entity's industry and in a manner that is the same or more protective than that in which the private entity stores, transmits, and protects other confidential and sensitive information. *Id.* § 15(e).

B.  **Allegations Relevant to Bozzuto's Motion[1]**

Plaintiff alleges that "[t]his Court has [subject matter] jurisdiction under 28 U.S.C. § 1332(d)(2) . . . because the parties and putative class members are minimally diverse and the aggregate amount in controversy is greater than $5,000,000." (Dkt. 1 (Complaint), ¶ 1.)

Substantively, Plaintiff alleges that "Defendants have been capturing and retaining the fingerprints of individuals employed at 850 Lake Shore Drive, Chicago [the "Building"]" using a system called KeyTrak "for purposes of checking out keys to access various apartments . . . ." (*Id.* ¶¶ 1-2.) He alleges that he "was employed at" the Building, and that he "was asked by his employers" – which he does not identify – "and the other Defendant management companies to store his fingerprint . . . ." (*Id.* ¶ 15.) Plaintiff contends that "Defendants have not provided any policy establishing either a retention schedule or guidelines for permanently destroying the biometric data." (*Id.* ¶ 25.) He also alleges that "[e]ach time a new management company took possession of the fingerprint database, the previous management company and the building owner disclosed, re-disclosed, or otherwise disseminated the biometric information." (*Id.* ¶ 29.) He further alleges that, "[o]n information and belief, access to the fingerprint database was essentially open to large numbers of the Defendants' employees, agents, and subcontractors. Defendants did not store, transmit, or protect the fingerprint database in the same way it would do so to other sensitive information." (*Id.* ¶ 32.) Plaintiff asserts one count for alleged violations of BIPA's sections 15(a) through (e) against all Defendants together – without differentiating among them. (*Id.* ¶¶ 40-43.)

---

[1] Bozzuto takes Plaintiff's allegations as true solely for the purposes of this Motion.

### III. Legal Standards

Bozzuto moves to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim, respectively.

### A. Rule 12(b)(1): Lack of Subject Matter Jurisdiction

"[T]he objection presented by a Rule 12(b)(1) motion challenging the Court's subject matter jurisdiction is that the Court has no authority or competency to hear and decide the case before it." *Johnson v. Orkin, LLC*, 928 F. Supp. 2d 989, 997 (N.D. Ill. 2013) (citing *Int'l Union of Operating Eng'rs Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280-82 (7th Cir. 2009)). "As a jurisdictional requirement, the plaintiff bears the burden of establishing standing." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). Facial challenges to subject matter jurisdiction "require only that the court look to the complaint and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Id.* at 443-44. And "[i]n the context of facial challenges . . . the court does not look beyond the allegations in the complaint, which are taken as true for purposes of the motion." *Id.* at 444.

### B. Rule 12(b)(6): Failure to State a Claim

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). The plausibility determination is a context-specific inquiry "that requires the reviewing court to draw on its judicial experience and common sense." *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 676 (7th Cir. 2016). A plaintiff must do more than allege "mere labels and conclusions or a formulaic recitation of the elements of a cause of action," and the court "need not accept as true legal conclusions or unwarranted factual inferences." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## IV. Argument

As discussed below, Plaintiff's claims should be dismissed under: (A) Rule 12(b)(1) for lack of subject matter jurisdiction and also for lack of Article III standing as to his BIPA Section 15(a) claim; and (B) Rule 12(b)(6) for failure to state a claim.

### A. Rule 12(b)(1): Lack of Subject Matter Jurisdiction and Article III Standing

Under Rule 12(b)(1), the Court should dismiss: (1) all of Plaintiff's claims for lack of subject matter jurisdiction; and (2) Plaintiff's Section 15(a) claim for lack of Article III standing.

#### 1. The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims.

Under CAFA, federal courts do not have original jurisdiction where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C.A. § 1332(d)(5)(B); *see Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 619 (7th Cir. 2012) (implying a requirement to satisfy a 100-person threshold for CAFA jurisdiction). Where, as here, a motion to dismiss raises a facial challenge to subject matter jurisdiction, "the court does not look beyond the allegations in the complaint" to determine if jurisdiction exists. *Apex*, 572 F.3d 444.

Plaintiff's Complaint fails under a facial challenge to subject matter jurisdiction. Plaintiff alleges only that "[t]his Court has jurisdiction under 28 U.S.C. § 1332(d)(2) . . . because the parties and putative class members are minimally diverse and the aggregate amount in controversy is greater than $5,000,000." (Compl. ¶ 12.) He does not allege that his putative class consists of 100 or more members,[2] the minimum necessary to establish federal jurisdiction under CAFA. Plaintiff's allegations therefore are inadequate, and his claims must be dismissed for lack of jurisdiction.

---

[2] Although Plaintiff alleges that he "believes that Defendants have saved hundreds of fingerprint scans of their various employees . . ." (Compl. ¶ 34), he does not specify whether those scans represent hundreds of *individuals* or are merely hundreds of *fingerprints*.

{9238475:5}  5

### 2. Plaintiff Lacks Article III Standing Under BIPA's Section 15(a).

Under BIPA Section 15(a), "[a] private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS § 14/15(a). The "duty to disclose under section 15(a) is owed to the public generally, not to particular persons whose biometric information the entity collects." *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 627 (7th Cir. 2020) (affirming finding of lack of standing where plaintiff failed to allege particularized harm from violation of Section 15(a)). Indeed, absent allegations of particularized harm, allegations of mere procedural violations of Section 15(a) are insufficient to confer Article III standing. *See Fox v. Dakkota Integrated Sys., LLC*, Case No. 20-2782, 2020 WL 6738112 at *1 (7th Cir. 2020) (finding standing where, unlike *Bryant*, plaintiff alleged more than a procedural violation).

Here, Plaintiff fails to meet the standard described by *Fox* and *Bryant*. Specifically, he alleges only that "Defendants have not provided any policy establishing either a retention schedule or guidelines for permanently destroying the biometric data." (Compl. ¶ 25.) Under *Bryant* and as clarified by *Fox*, this type of mere procedural violation of Section 15(a) does not confer Article III standing on a plaintiff. Thus, because Plaintiff here has not alleged any particularized harm resulting from the alleged violation of Section 15(a), he lacks standing to proceed with that claim.

### B. Rule 12(b)(6): Failure to State a Claim Against Bozzuto

Even if this Court has subject matter jurisdiction over Plaintiff's claims, Plaintiff fails to state a claim against Bozzuto because his Complaint relies on impermissible group pleading and

fails to identify any actions that Bozzuto took to cause his injuries. Plaintiff alleges that "Defendants" violated four BIPA provisions – sections 15(a), (b), (d), and (e). Generally, each section obligates private entities to take steps to protect biometric information in their possession and to not disclose that information without prior informed consent. *See* 740 ILCS 14/15.

To state a BIPA claim, a plaintiff must do more than allege "mere labels and conclusions or a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. The plaintiff must allege facts that inform the defendant about the nature of its alleged improper conduct, and how that conduct caused the plaintiff injury under BIPA. *See Kloss v. Acuant, Inc.*, 462 F. Supp. 3d 873, 877 (N.D. Ill. 2020) (dismissing a BIPA claim where plaintiff did not "allege her relationship to" the defendant and where plaintiff failed to identify the timeframe when she used the software at issue, noting that "[s]uch barebone factual support and recitation of statutory language" is insufficient to put defendants on notice); *Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960, 966 (N.D. Ill. 2020) (dismissing a BIPA claim where its allegations "do not enable the court to assess" defendant's "actual involvement in the alleged collection of biometric information"); *Namuwonge v. Kronos, Inc.*, 418 F. Supp. 3d 279, 285 (N.D. Ill. 2019) (dismissing a BIPA claim and advising that a plaintiff "must still provide enough details through her allegations to give [defendant] fair notice of what the claim is and the grounds upon which it rests").

Plaintiff falls woefully short of this fundamental pleading requirement. Instead of alleging what Bozzuto did or did not do, he engages in group pleading that makes it impossible for Bozzuto to ascertain which allegations are made against it and which are made against the other defendants. Plaintiff first fails to even identify who employs him, instead generally saying that he "was asked by his employers and the other Defendant management companies to store his fingerprint in the KeyTrak scanner . . . ." (Compl. ¶ 16.) He never identifies the time period when he believes his

fingerprints were captured and stored or which of the Defendant management companies asked him to store his fingerprints. (*Id.*) And while vaguely avers that "each time a new management company took possession of the fingerprint database, the previous management company and the building owner disclosed" his biometric information, (*id.* ¶ 29), he never identifies Bozzuto's alleged role – if any – in that process. Further, though he alleges that "[o]n information and belief, access to the fingerprint database was essentially open to large numbers of the Defendants' employees, agents, and subcontractors" and that Defendants did not store, transmit, or protect the fingerprint database in the same way it would do to other sensitive information (*id.* ¶ 32), he does not specify which defendant accessed the alleged database; how that defendant stored, transmitted, or protected the fingerprint database; or whether Bozzuto itself did those things at all.

In sum, Plaintiff fails to allege any specific conduct at all by Bozzuto that caused his purported injury, as required by *Twombly* and the cases from this District dismissing inadequately pled BIPA claims. Plaintiff therefore fails to state a claim upon which relief can be granted.

### V. Conclusion

For these reasons, Bozzuto respectfully requests that the Court: (A) grant the Motion; (B) dismiss the Complaint; and (C) award Bozzuto such other and further relief as is appropriate.

Respectfully submitted,

**BOZZUTO MANAGEMENT COMPANY**

By:    s/ Christopher G. Dean
       One of its attorneys

## CERTIFICATE OF SERVICE

I, Christopher G. Dean, an attorney, hereby certify that on November 25, 2020, I electronically filed **Defendant Bozzuto Management Company's Memorandum in Support of Its Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim** with the Clerk of the Court using the Electronic Case Filing System. As such, these documents were served on all counsel who are deemed to have appeared and consented to electronic service.

      s/ Christopher G. Dean

{9238475:5 }