IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TREVOR CARMEAN, on behalf of himself and all others similarly situated, ) ) ) ) Plaintiff, ) ) ) vs. ) ) ) GREYSTAR ILLINOIS MANAGEMENT, LLC; ) BOZZUTO MANAGEMENT COMPANY; and ) CROWN ENERGY SERVICES, INC. d/b/a ) ABLE ENGINEERING SERVICES, ) ) Defendants. ) | Case No. 20-cv-5294<br><br>Hon. Gary Feinerman<br><br>Magistrate Hon. M. David Weisman<br><br><u>Jury Demanded</u> |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Trevor Carmean, on behalf of himself and a putative class, brings this Class Action Complaint against Defendants Greystar Illinois Management, LLC ("Greystar"); Bozzuto Management Company ("Bozzuto"); and Crown Energy Services, Inc d/b/a Able Engineering Services ("Able") for their violations of the Illinois Biometric Privacy Act, and alleges the following:

**NATURE OF THE ACTION**

1.  Defendants have been capturing and retaining the fingerprints of individuals they employed at 850 Lake Shore Drive, Chicago, a 170-unit condo building.

2.  When the employees require access to various rooms and suites in the building, they retrieve the keys by using a KeyTrak device. The KeyTrak system consists of a locked safe and a biometric access system. Employees scan their fingerprints to gain access to the keys within the safe.

3.  While the use of fingerprint scans may be more secure for the building than key fobs, identification cards, or combination codes, the use of biometric identifiers in the workplace entails risks for the employees. Fingerprints are permanent, unique biometric identifiers that will be associated with the employee forever, whereas other security measures that may be misplaced or stolen can be deactivated. Keeping employees' biometric identifiers on file exposes them to serious privacy risks like identity theft and unauthorized tracking.

4.  Illinois enacted the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") to regulate private entities that collect and store biometric identifiers, such as fingerprints.

5.  The property managers of 850 Lake Shore Drive violated their employees' privacy rights by unlawfully collecting, storing, and/or using their biometric data and information not in accordance with BIPA.

## PARTIES

6.  Plaintiff Trevor Carmean is a natural person and resident of this district, and former employee of one or more of the defendants.

7.  Defendant Greystar Illinois Management, LLC is a Delaware company, with its principal office in Charleston, South Carolina.

8.  Defendant Bozzuto Management Company is a Maryland corporation.

9.  Defendant Crown Engineering Services, Inc, doing business as Able Engineering Services, is a California Corporation, a national company, employing people all over the United States, including Chicago, Illinois.

## JURISDICTION AND VENUE

10. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) over all Defendants.

11. The parties are all completely diverse: Trevor Carmean is a citizen of Illinois. Greystar Illinois Management is a South Carolina LLC whose owners and/or managers are, on information and belief, all citizens of South Carolina; Crown Engineering Services, Inc. is a California Corporation with its principal place of business in San Francisco; Bozzuto Management Company is a Delaware corporation with its principal place of business in Greenbelt, Maryland.

12. An individual may recover between $1,000 and $5,000 in statutory damages for *each* violation of BIPA. Based on the length of time Mr. Carmean worked for each Defendant and the number of times his fingerprint was scanned each day, the statutory damages he is entitled to far exceed $75,000 per defendant.

13. This Court has personal jurisdiction over the Defendants because they conduct a substantial amount of business here which forms the basis of Plaintiff's claims. Defendants owned or managed the building located at 850 Lake Shore Drive, Chicago, Illinois 60611.

14. Venue is proper here under 28 U.S.C. § 1391(b)(2) because a substantial amount of the acts and omissions giving rise to the claims occurred in Illinois.

## PLAINTIFF'S FACTUAL ALLEGATIONS

15. Plaintiff was employed at 850 Lake Shore Drive, Chicago, Illinois 60611. At the start of his employment, his fingerprint was scanned and saved by the KeyTrak system. His fingerprints were then used to identify him when he needed to gain access to locked doors.

16. During his employment at 850, there were at least three different management companies involved in the management of the property. Greystar Management who was succeeded by Bozzuto. Bozzuto hired Able to provide management services.

17. Each Defendant obtained Plaintiff's fingerprint using the KeyTrak scanner. His fingerprint was stored digitally in the KeyTrak system.

18. Each time Plaintiff needed to access a unit in the building, Plaintiff had to scan his finger to open the KeyTrack system and obtain a key. He then had to scan again to replace the key once finished.

19. Each Defendant during the time they were operating as the management company for the 850 building was in actual possession of Plaintiff's biometric information contained in the KeyTrak system.

20. Each time a new management company was hired by the building owners or managers, the old management company transferred access to the biometric information to the new company.

21. Both Bozzuto and Able used the KeyTrak system at the same time. The KeyTrak system was in Bozzuto's management office, but they and Able both had access to and control over the KeyTrak system and its database of biometric information.

22. Plaintiff estimates that he and the other class members, including employees of the management office, janitorial staff, engineering staff and general maintenance staff, were asked to scan their fingers on average ten times per day over the course of the prior five years.

23. More than ten years ago, the Illinois Legislature recognized the promises and perils of biometric identification technology. It passed the Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.*, to establish and safeguard Illinois' residents absolute right to control their biometric data.

24. Under the act, a fingerprint is a biometric identifier. *Id.* at § 14/10.

4

25. Biometric information is any information derived from a biometric identifier, regardless of how it is captured, stored, or shared. *Id.*

26. Defendants' used the KeyTrak system to capture the fingerprints of its numerous employees and store them for future use.

27. Plaintiff's and Class members' fingerprints were obtained by Defendants and stored on Defendants' equipment to later identify each individual.

28. Each time Plaintiff scanned his fingerprint using the KeyTrak system, the management company in charge at that time obtained his fingerprint.

29. Under the act, a private entity in possession of either biometric identifiers or information must develop a written policy, available to the public, establishing a retention schedule and guidelines for permanently destroying the information or identifiers. *Id.* § 14/15(a). Private entities must also comply with that policy.

30. Defendants have not provided any policy establishing either a retention schedule or guidelines for permanently destroying the biometric data. Plaintiff was not informed of any such policy and no policy was made publicly available. Based on these facts, Defendants did not develop any policy regarding biometric information nor could they have complied with any policy.

31. Under the act, a private entity is prohibited from collecting, capturing, or otherwise obtaining a person's biometric information or identifier unless it first: a) informs the subject in writing that the information or identifier is being collected or stored; b) informs the subject in writing of the specific purpose and length of term for which the information or identifier is being collected, stored, or used; and, c) receives a written release from the subject of the information or identifier. *Id.* at § 14/15(b).

32. Plaintiff or any member of the Class were not, at any relevant time, informed in writing of any of the information required under § 14/15(b). Neither the Plaintiff nor members of the putative Class executed a written release to their employer.

33. Under the act, a private entity in possession of biometric information or identifiers may not disclose, redisclose, or disseminate a person's biometric identifier or information unless the person consents to the disclosure or re-disclosure. *Id.* at § 14/15(d).

34. Each time a new management company took possession of the fingerprint database, the previous management company and the building owner disclosed, re-disclosed, or otherwise disseminated the biometric information.

35. Carmean and the putative class members never consented to these disclosures.

36. Lastly, a private entity in possession of biometric identifiers or information must store, transmit, and protect from disclosure all biometric identifiers and information using a reasonable standard of care and in the same way the private entity stores, transmits, and protects other sensitive information. *Id.* at § 14/15(e).

37. On information and belief, access to the fingerprint database was essentially open to large numbers of the Defendants' employees, agents, and subcontractors. Defendants did not store, transmit, or protect the fingerprint database in the same way it would do so to other sensitive information. Each time access to the KeyTrak system was transferred to another management company, the biometric information contained therein was not transmitted or protected in any way. Access to the database was possible not only on-site but also through a web-portal. Passwords to access the database were weak and/or shared and the biometric information and identifiers were not encrypted.

## CLASS ALLEGATIONS

38. Trevor Carmean brings this action on behalf of himself and under Fed. R. Civ. P. 23, on behalf of a class defined as:

> All persons in the United States who are or were employed at 850 Lake Shore Drive, and whose fingerprint is or was collected, captured or otherwise obtained by the owners or managers of the building located at 850 N. Lake Shore Drive, at any time from five years before the date of Plaintiff's original complaint to the date the class is certified.

Plaintiff reserves the right to amend or modify the Class definition as necessary following discovery.

39. On information and belief, the Class is so numerous that joinder is impracticable. While the exact number is unknown, Plaintiff believes that Defendants have saved hundreds of fingerprint scans of their various employees, without written releases.

40. Common questions of law and fact exist and predominate over individual questions and include:

   a. Whether Defendants collected, captured, or otherwise obtained the Class's biometric identifiers;

   b. Whether Defendants informed Class members in writing of the specific purpose for collecting, using, and storing their biometric identifiers;

   c. Whether any of the members consented, via a written release, to their biometric identifier being used and stored by Defendants;

   d. Whether Defendants developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers;

   e. Whether Defendants complied with any such written policy;

  f. Whether defendants disclosed, re-disclosed, or otherwise disseminated the biometric information and identifiers and if so whether they obtained consent to do so from each individual.

  g. Whether Defendants stored, transmitted, and protected the fingerprint database with the requisite level of care.

  h. The extent of any damages incurred by Class members as a result of Defendants' actions.

41. Plaintiff's claims are also typical and co-extensive with the claims of the class because he and members of the Class have all suffered the same injuries as a result of identical conduct by the Defendants.

42. Plaintiff will fairly and adequately protect the interests of the proposed Class and he has retained counsel with experience in consumer law, Illinois law, and federal class actions.

43. A class action is superior to other methods of adjudication. The Class seeks injunctive relief applicable to the Class as a whole; due to the complexity of the claims, individual actions are not likely to be economically feasible; based on the possibility of a very large Class size, individual litigation would be a burden on the courts and result in delay and inconsistent results.

### COUNT I – VIOLATIONS OF BIPA 740 ILCS § 14/15(a)

44. Plaintiff restates and alleges the above paragraphs as if set forth fully herein.

45. Defendants violated BIPA 740 ILCS § 14/15(a) by failing to develop and maintain a publicly available retention and destruction schedule.

46. Defendants also violated BIPA 740 ILCS § 14/15(a) by failing to comply with any such policy.

47. Defendants' violation of the rights of Plaintiff and the Class under BIPA render them liable to Plaintiff and the Class members for $1,000 or $5,000 in liquidated damages per violation, and equitable relief, attorneys' fees and costs. 750 ILCS 14/20.

## COUNT II – VIOLATION OF BIPA 740 ILCS § 14/15(b)

48. Plaintiff restates and alleges the above paragraphs as if set forth fully herein.

49. Defendants violated BIPA 740 ILCS § 14/15(b) by obtaining biometric identifiers without making the required disclosures and receiving a written release from each Class member.

50. Defendants did not make disclosures to Plaintiff or the Class members.

51. Neither Plaintiff nor the Class members executed a written release.

52. Defendants' violation of the rights of Plaintiff and the Class under BIPA render them liable to Plaintiff and the Class members for $1,000 or $5,000 in liquidated damages per violation, and equitable relief, attorneys' fees and costs. 750 ILCS 14/20.

## COUNT III – VIOLATION OF BIPA 740 ILCS § 14/15(d)

53. Plaintiff restates and alleges the above paragraphs as if set forth fully herein.

54. Defendants violated BIPA 740 ILCS § 14/15(d) by disclosing, re-disclosing, or disseminating Plaintiff and the Class members biometric information.

55. The fingerprint database changed hands from one management company to another, and the building owner disclosed, re-disclosed, or otherwise disseminated the biometric information onward.

56. Defendants' violation of the rights of Plaintiff and the Class under BIPA render them liable to Plaintiff and the Class members for $1,000 or $5,000 in liquidated damages per violation, and equitable relief, attorneys' fees and costs. 750 ILCS 14/20.

**COUNT IV – VIOLATION OF BIPA 740 ILCS § 14/15(e)**

57. Plaintiff restates and alleges the above paragraphs as if set forth fully herein.

58. Defendants violated BIPA 740 ILCS § 14/15(e) by failing to store, transmit, and protect the fingerprint database with the requisite level of care.

59. Access to the KeyTrak database and the biometric information and identifiers stored therein was, on information and belief, protected only with weak and/or shared passwords and unencrypted. Access to the KeyTrak database was not limited to on-site access, but could also be accomplished remotely via a web-interface.

60. Defendants' violation of the rights of Plaintiff and the Class under BIPA render them liable to Plaintiff and the Class members for $1,000 or $5,000 in liquidated damages per violation, and equitable relief, attorneys' fees and costs. 750 ILCS 14/20.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Trevor Carmean, on behalf of himself the Class, respectfully requests that the Court enter an Order:

    A. Certifying this case as a class action on behalf of the Class defined above (or on behalf of such other class the Court deems appropriate), appointing Plaintiff as representative of the Class, and appointing his attorneys as class counsel;

    B. Awarding liquidated damages of $1,000 for each negligent violation, and $5,000 for each intentional or reckless violation, of BIPA that Defendants committed;

    C. Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including an order requiring Defendants to destroy their biometric identifiers and information after termination of the employment relationship;

  D.  Awarding Plaintiff and the Class their reasonable attorneys' fees and costs; and

  E.  Awarding such other and further relief as equity and justice may require.

**JURY DEMAND**

Plaintiff demands a trial by jury.

                Respectfully submitted:

                <u>By:/s/ *Michael W. Drew*</u>
                  Michael W. Drew

Neighborhood Legal LLC
20 N. Clark Street #3300
Chicago, IL 60602
312-967-7220
mwd@neighborhood-legal.com


Celetha Chatman
Community Lawyers LLC
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Tel (312) 757-1880
cchatman@communitylawyersgroup.com

*Attorneys for Plaintiff*

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

<u>By:/s/ *Michael W. Drew*</u>
Michael W. Drew